Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-12-00414-CR

Laura **VELASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2645
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed:  August 29, 2012

DISMISSED

Laura Velasquez entered into a plea bargain with the State, pursuant to which she pleaded nolo contendere to two counts of aggravated robbery. As part of her plea bargain, Velasquez signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Velasquez timely filed a notice of appeal. The clerk's record, which includes the trial

court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* Tex. R. App. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and does not indicate the trial court gave Velasquez permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). We have reviewed the clerk's record, and the trial court's certification appears to accurately state that this is a plea bargain case and Velasquez does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d).

On July 17, 2012, we gave Velasquez notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing she has the right to appeal were signed by the trial judge and made part of the appellate record by August 16, 2012. *See* Tex. R. App. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing Velasquez has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH